MAR 12 1996

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHERRY BENITEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-95-1120 |
| § | |
| RESOLUTION TRUST CORPORATION § | |
| in its Capacity as Receiver for § | |
| Southwest Federal Savings § | |
| Association; J.E. ROBERT CO., § | |
| INC., d/b/a J.E. ROBERT § | |
| COMPANIES a/k/a J.E. ROBERT § | |
| CO., INC., D/B/A WOODS OF § | |
| NORTHPARK APARTMENTS a/k/a § | |
| WOODS/NORTHPARK; CAPSTONE REAL § | |
| ESTATE SERVICES, INC.; CARLOS § | |
| MANUEL BENITEZ; TIMOTHY § | |
| WOODARD a/k/a TIM WOODARD; and § | |
| ETHEL ANN MORRIS, Jointly and § | |
| Severally, § | |
| § | |
| Defendants. § | |

### MEMORANDUM AND ORDER

Pending is Defendant Resolution Trust Corporation's Motion to Dismiss (Document No. 23). After having carefully considered the motion, response, and reply, the Court concludes as follows:

Plaintiff Sherry Benitez asserts that she was shot in her home at the Woods of Northbrook Apartments, a multi-unit apartment complex in Houston, Texas, by Defendant Ethel Ann Morris. Ms. Morris is allegedly the girlfriend of Plaintiff's estranged husband, Defendant Carlos Manuel Benitez. Plaintiff further alleges that Carlos Benitez and another man, Defendant Timothy Woodard, later broke into her same apartment, whereupon Plaintiff shot at them, hitting Mr. Woodard. Plaintiff thereafter filed suit

in the 129th Judicial District Court of Harris County, Texas, asserting state law negligence claims against Woodard, Carlos Benitez, and Morris. Plaintiff also brought actions for negligence and violation of the Texas Deceptive Trade Practices--Consumer Protection Act against the company that managed the apartment complex, the leasing agent for the complex, and the owner of the complex, Defendant Resolution Trust Corporation ("RTC") in its capacity as Receiver for Southwest Federal Savings Association. The RTC removed Plaintiff's action to this Court pursuant to 12 U.S.C. § 1441a(l)(3)(A), and now moves the Court to dismiss Plaintiff's claims against it for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

As the party invoking the jurisdiction of the Court, Plaintiff bears the burden of demonstrating that jurisdiction does in fact exist. <u>Langley v. Jackson State University</u>, 14 F.3d 1070, 1073 (5th Cir.), *cert. denied*, 115 S. Ct. 61 (1994). The Court may determine its subject matter jurisdiction by reference to: (1) the Complaint, (2) the Complaint supplemented by the undisputed facts in the record, or (3) the Complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. <u>Meliezer v. Resolution Trust Co.</u>, 952 F.2d 879, 881 (5th Cir. 1992). The instant decision on the RTC's motion is based upon the Complaint supplemented by the undisputed facts in the record.

The RTC asserts that Plaintiff has failed to exhaust applicable administrative remedies.[1] The Fifth Circuit has summarized the prerequisites to filing a suit against the RTC:

> Section 1821(d)(6)(A) permits a claimant to file suit only after filing a claim with the RTC as receiver and then only if the receiver has disallowed the claim or the 180-day determination period has expired. 12 U.S.C. § 1821(d)(6)(A). At that point, the claimant may file suit "in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located . . . (and such court *shall have jurisdiction to hear such claim*)." Id. (emphasis added).

Meliezer, 952 F.2d at 882. Unless these administrative prerequisites are met, "no court shall have jurisdiction over *any claim* relating to any act or omission of . . . the Corporation as receiver." 12 U.S.C. § 1821(d)(13)(D)(ii) (emphasis added).

Plaintiff does not dispute that these provisions encompass her Texas tort and statutory law claims. Rather, Plaintiff asserts that her Second Amended Complaint, filed with permission of the Court, has cured the defects identified by the RTC; that is, the Complaint alleges that applicable administrative remedies have been exhausted. The Second Amended Complaint asserts that Plaintiff forwarded her claim to the RTC on February 4, 1995, and that 180

---

[1] One of Plaintiff's claims is for punitive damages. Plaintiff correctly concedes that she cannot properly bring a claim for punitive damages against the RTC, and that this claim should be dismissed with prejudice. *See* 12 U.S.C. § 1825(b)(3); FDIC v. Claycomb, 945 F.2d 853, 861 (5th Cir. 1991), *cert. denied*, 112 S. Ct. 2301 (1992). Because the Court has no jurisdiction over any claim made by Plaintiff against the RTC in this case, as will be seen below, the entire case will be dismissed without prejudice. Presumably Plaintiff will not again improperly plead for punitive damages against the RTC.

3

days have now passed without action having been taken on the claim. It is undisputed, however, that Plaintiff originally filed this action in state court on February 3, 1995 -- a day before mailing her administrative claim.

The Fifth Circuit has held that "FIRREA contains no provision granting federal jurisdiction to claims filed after a receiver is appointed but before administrative exhaustion." <u>Id.</u> It is undisputed that Plaintiff filed her suit after the RTC had been appointed as Receiver for Southwest Federal Savings Association, but before she had filed her administrative claim with the RTC. *See also* <u>Henderson v. Bank of New England</u>, 986 F.2d 319, 321 (9th Cir.), *cert. denied*, 114 S. Ct. 559 (1993) ("A claimant must therefore first complete the claims process before seeking judicial review."). The Fifth Circuit has further noted that "[t]he primary purpose underlying FIRREA's exhaustion scheme is apparent. It allows the RTC 'to perform its statutory function of promptly determining claims so as to quickly and efficiently resolve claims against a failed institution without resorting to litigation.'" <u>Meliezer</u>, 952 F.2d at 883, *quoting* <u>Rosa v. RTC</u>, 938 F.2d 383, 396 (3d Cir. 1991). Clearly, the "primary purpose" of the exhaustion requirement identified by the Fifth Circuit would be completely frustrated if the RTC were required simultaneously to process a claim and defend a lawsuit.

Accordingly, it is

ORDERED that Defendant RTC's Motion to Dismiss (Document No. 23) is GRANTED, and Plaintiff's suit against Defendant RTC is

4

DISMISSED without prejudice for failure to exhaust administrative remedies.

The Court's removal jurisdiction over this case was solely because of the presence of the RTC as a named defendant. Because no claims remain over which the Court has original jurisdiction, and because no material prejudice will be sustained by the remaining Defendants if this non-diverse, state law action is remanded to state court at this relatively early stage of proceedings, the case should be remanded. See <u>Carnegie-Mellon University v. Cohill</u>, 108 S. Ct. 614, 619-23 (1988). Accordingly, it is

ORDERED that Plaintiff's case against the remaining Defendants is REMANDED to the 129th Judicial District Court of Harris County, Texas.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, this 11TH day of March, 1996.

                                    EWING WERLEIN, JR.
                                    UNITED STATES DISTRICT JUDGE